### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JERMEL POPE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WARDEN RICARDO RIOS, | ) |
| AMBER NELSON, HARRELL WATTS, | ) |
| MARK HEWITT, JEFFREY KRUEGER, | ) |
| and, JANET PURDUE, | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT

Plaintiff Jermel Pope, through his attorneys, complains of Defendants Warden Ricardo Rios, Amber Nelson, Harrell Watts, Mark Hewitt, Warden Jeffrey Krueger, and Janet Purdue and states as follows:

### PARTIES

1. Plaintiff Jermel Pope is a resident of the Northern District of Illinois.

2. Defendant Warden Ricardo Rios was, during the relevant time, the warden of Federal Correctional Institution Pekin, located in Illinois. During the relevant time, Defendant Rios was the warden and final decisionmaker as it pertained to official grievances filed by FCI Pekin inmates and made the correctional-level decision on Plaintiff's grievance relating to the calculation of his time in federal custody, which was done within the scope of his employment with the Federal Bureau of Prisons and under color of law. Defendant Rios is sued in his individual capacity.

3. Defendant Amber Nelson was, during the relevant time, the Acting Regional Director for the Federal Bureau of Prisons, North Central Regional Office. During the relevant time, Defendant Nelson was one of the decisionmakers as it pertained to official grievances appealed from the

correctional level and made the decision to deny Plaintiff's grievance relating to the calculation of his time in federal custody, which was done within the scope of her employment with the Federal Bureau of Prisons and under color of law. Defendant Nelson is sued in her individual capacity.

4.      Defendant Harrell Watts was, during the relevant time, the administrator for the National Inmate Appeals division for the Federal Bureau of Prisons. During the relevant time, Defendant Watts was one of the decisionmakers as it pertained to official grievances appealed from the correctional level and made the decision to deny Plaintiff's grievance relating to the calculation of his time in federal custody, which was done within the scope of his employment with the Federal Bureau of Prisons and under color of law and is sued in his individual capacity.

5.      Defendant Mark Hewitt was, during the relevant time, an employee of the Federal Bureau of Prisons who, upon information and belief, worked in the records division and was involved in the denial of Plaintiff's grievance relating to the calculation of his time in custody. Defendant Hewitt acted within the scope of his employment with the Federal Bureau of Prisons and under color of law and is sued in his individual capacity.

6.      Defendant Jeffrey Krueger was, during the relevant time, one of the wardens of Federal Correctional Institution Pekin, located in Illinois. During the relevant time, Defendant Krueger was one of the wardens and final decisionmakers as it pertained to official grievances filed by FCI Pekin inmates and made the correctional-level decision on Plaintiff's grievance relating to the calculation of his time in federal custody, which was done within the scope of his employment with the Federal Bureau of Prisons and under color of law. Defendant Krueger is sued in his individual capacity.

7.      Defendant Janet Purdue was, during the relevant time, an employee of the Federal Bureau of Prisons and was involved in the denial of Plaintiff's grievance relating to the calculation of his

time in custody. Defendant Purdue acted within the scope of her employment with the Federal Bureau of Prisons and under color of law and is sued in her individual capacity.

## JURISDICTION AND VENUE

8.      This is an action brought to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

9.      This Court has jurisdiction pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 and 28 U.S.C. § 1331.

10.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 as the events giving rise to Plaintiff's claims occurred in this district.

## FACTS

11.     On February 8, 2008, Plaintiff was arrested by Illinois state law enforcement officers and was charged by both Illinois state authorities and Federal authorities.

12.     On June 10, 2009, Plaintiff was sentenced to 100-months imprisonment on the federal offenses.

13.     On August 24, 2009, Plaintiff was sentenced to five years imprisonment on the state charge.

14.     On August 31, 2009, Plaintiff was moved from an Illinois correctional facility to the Metropolitan Correctional Center (a federal correctional facility), located in Chicago, Illinois.

15.     From August 31, 2009 through May 25, 2010 – a total of 268 days – Plaintiff was held in custody at the MCC. On May 25, 2010, Plaintiff was sent to an Illinois State prison.

16.     Plaintiff was paroled for the Illinois charges on August 6, 2010 and sent to a Federal Prison to complete his federal sentence, specifically Federal Correctional Institution – Pekin.

**17.** Plaintiff became aware that the Federal Bureau of Prisons calculated his federal sentence with a start date of August 6, 2010 – the date of his parole from State Prison. The Bureau of Prisons did not include the time Plaintiff was incarcerated at the MCC.

**18.** Plaintiff filed a grievance that requested his time be recalculated to include the 268 days he had spent in custody at the MCC.

**19.** On information and belief, Defendant Hewitt denied Plaintiff's grievance.

**20.** Plaintiff appealed the denial of his grievance and Defendant Rios denied the appeal.

**21.** Defendant Nelson then denied Plaintiff's appeal of the correctional level denial of his grievance.

**22.** Defendant Watts then denied Plaintiff's appeal of Defendant Nelson's denial of his grievance to have Plaintiff's time at the MCC included as part of his sentence.

**23.** On September 29, 2014, Plaintiff filed a petition of habeas corpus.

**24.** Upon information and belief, during the pendency of Plaintiff's habeas corpus petition, Defendants Krueger and Purdue had the authority to order the time Plaintiff spent in custody at the MCC to be counted towards Plaintiff's federal sentence; Defendants Krueger and Purdue did not do so despite Plaintiff's prior requests.

**25.** In July 2016, the Federal District Court denied the majority of Plaintiff's habeas corpus petition.

**26.** Plaintiff appealed the denial.

**27.** Plaintiff was released from custody into supervised released on November 24, 2017.

**28.** On May 3, 2018, the Seventh Circuit reversed the decision of the Federal District Court and held that the time Plaintiff had spent in custody at the MCC should have credited towards Plaintiff's sentence. In other words, "Pope spent more time in prison than he should have."

4

29.    Based upon the Seventh Circuit's ruling, Plaintiff was held in federal custody 268 days longer than his lawful sentence, which is a violation of the 8th Amendment.

30.    Plaintiff now seeks damages for spending nearly a year in prison unlawfully.

## CLAIMS
### Count One
### Eighth Amendment

31.    Plaintiff incorporates all paragraphs of this complaint as though fully set forth herein.

32.    The Eighth Amendment prohibits cruel and unusual punishment for those inmates who have been convicted and sentenced.

33.    Plaintiff was in federal custody a total of 268 days longer than his lawful sentence.

34.    The 268 additional days Plaintiff spent in custody was unlawful and a violation of Plaintiff's Eighth Amendment rights.

35.    As alleged above, Defendants knew Plaintiff had spent 268 days in federal custody at the MCC yet refused to apply those dates to Plaintiff's sentence, thus acting with deliberate indifference towards Plaintiff's Eighth Amendment rights.

36.    The 268 additional days Plaintiff spent in custody served no legitimate penological purpose.

37.    Plaintiff was harmed by spending those 268 additional days in unlawful custody.

WHEREFORE, Plaintiff prays the Court enter a judgment in his favor and against Defendants and for an award of compensatory damages, punitive damages, attorneys' fees, costs, and all other relief that is just and appropriate.

## Jury Demand

38.    Plaintiff demands a trial by jury.

5

Respectfully submitted,

JERMEL POPE,

By: */s/ Shawn W. Barnett*
        Attorney No. 6312312


By: */s/ Robert S. Fakhouri*
        Attorney No. 6315332


HALE & MONICO, LLC
53 West Jackson, Suite 337
Chicago, IL 60604
(312) 598-2353
Halemonico.com


THE FAKHOURI FIRM, LLC
150 N. Michigan Avenue, Suite 2800
Chicago, Illinois 60601
Tel.: (312) 471-8873
RFakhouri@FakhouriLaw.com